Based upon a review of the record, the oral arguments of the parties and affidavits submitted herein and taking judicial notice of the previous orders and decisions of record herein, the Full Commission make the following
FINDINGS OF FACT
1. This case arises out of an injury by accident to the plaintiff on February 13, 1988 during the course of her employment with Strategic Organizational System, defendant-employer.
2. Daniel S. Walden filed a Form 18 on behalf of plaintiff and notice of representation on May 5, 1988.
3. While plaintiff was represented by Daniel Walden, the following occurred before the Industrial Commission, inter alia.
 a) An amended Form 21 agreement for payment of compensation was executed on May 17, 1989 and approved by the Industrial Commission on July 7, 1989. The original Form 21 agreement executed by plaintiff without attorney representation incorrectly showed an average weekly wage of $225.00 per week and a compensation rate of $150.01. The amended agreement corrected the average weekly wage to $318.73, which yielded a compensation rate of $212.50 per week.
 b) The Industrial Commission approved defendant-carrier's Form 24 Application to Stop Payment of plaintiff's temporary total disability benefits on September 26, 1989. Counsel for plaintiff submitted a response to the Form 24 application, and filed a request for a hearing after benefits were terminated and further sought an expedited hearing without success.
 c) After a hearing, an Opinion and Award was entered by Deputy Commissioner Jan Pittman on December 18, 1990 resuming payment of the $212.50 per week in temporary total disability benefits, from the date of termination and continuing thereafter until plaintiff returned to work or had a change of condition. An attorney's fee of 25% of the accrued amount plus every fourth future compensation check was awarded to Daniel S. Walden, plaintiff's attorney.
 d) The Full Commission adopted the Opinion and Award of the deputy commissioner on September 24, 1992. The Full Commission did not address the constitutionality of its Form 24 procedure which was raised by plaintiff stating that it was not properly or timely raised by plaintiff on appeal to the Full Commission and was therefore deemed abandoned. From the ruling of the Full Commission on the Form 24 procedure issue, plaintiff appealed to the North Carolina Court of Appeals. Plaintiff's appeal was subsequently dismissed and discretionary review was denied by the North Carolina Supreme Court.
 e) On May 4, 1993, defendant filed a Form 24 Stop Payment Application and plaintiff through counsel responded. This application was denied on May 24, 1993.
 f) On July 8, 1994, Chief Deputy Commissioner Dianne C. Sellers issued an order, without a hearing, releasing Daniel S. Walden from further representation of the plaintiff based upon representation made by plaintiff in a telephone conversation on June 30, 1994. The substance of plaintiff's complaints were mailed to Daniel S. Walden in a letter dated June 30, 1994 and copied to plaintiff and the attorney for defendant, Thomas J. Doughton. The order releasing Daniel S. Walden as counsel for plaintiff was entered before receipt of counsel for plaintiff's motion to withdraw filed July 14, 1994. Prior to counsel for plaintiff's release as plaintiff's attorney, settlement negotiations were being actively pursued.
 g) On July 22, 1994, a Compromise Settlement Agreement was filed with the Industrial Commission for approval settling plaintiff's claim for $90,000.00 An Order Approving Compromise Settlement Agreement was approved by the Industrial Commission on July 29, 1994. Said order directed Liberty Mutual to hold $22,500.00 (25%) until the issue of, to what amount of attorney fee, if any, was Daniel S. Walden entitled.
4. Daniel S. Walden filed a Motion to Intervene on his own behalf to address the issue of attorney's fee and to appeal from the Order of Chief Deputy Commissioner Dianne C. Sellers.
5. At the hearing before the Full Commission on June 26, 1995, Daniel S. Walden was directed to submit an itemized summary of the time spent representing plaintiff in this case. Upon receipt of plaintiff's affidavit (Full Commission Exhibit 1), a copy was mailed to plaintiff directing her to respond if she chose.
6. On October 25, 1995, plaintiff sent a letter response which has been copied to Daniel S. Walden (Full Commission Exhibit 2).
7. Daniel S. Walden represented plaintiff from May 5, 1988 through July 8, 1994, a period of more than 6 years. During said period, he spent approximately 404 hours of attorney time working on plaintiff's claim. Plaintiff executed a Contingent Fee Agreement with Daniel S. Walden on May 5, 1988 whereby she agreed to pay him 25% of any award or settlement, subject to approval by the Industrial Commission, as compensation for his services.
8. At the time Daniel S. Walden was discharged as plaintiff's attorney, he had fully (or substantially) and fairly performed all duties required under his contract. Plaintiff had been awarded continuing temporary total disability benefits until she returned to work, or had a change of condition. As her attorney, Daniel S. Walden, was awarded 25% of all past and future compensation due the plaintiff. This award had been determined by the Full Commission to be fair and reasonable and was not appealed. This award was consistent with the contingent fee agreement between plaintiff and her counsel. No finding was made by the Full Commission that plaintiff's contingent fee agreement was unreasonable.
9. In settling her claim by means of a Compromise Settlement Agreement, plaintiff was in effect reducing her future Award by the Full Commission to a judgment and obtaining immediate payment. In that the Full Commission's award of attorney's fee for plaintiff's counsel provided that he receive 25% of the past and future award of the plaintiff, Daniel S. Walden is entitled to the $22,500.00 currently being held by Liberty Mutual. Daniel S. Walden continued to vigorously represent plaintiff after the Full Commission Opinion and Award, including with settlement negotiations during the period in 1994 immediately before he was discharged.
10. Based upon Daniel S. Walden's experience, competence, the complexity of this case, and the reasonable and customary fee paid to similar attorneys in the area, an attorney's fee of $100.00 per hour would be reasonable, if this case is decided on the quantum merit principle.
* * * * * * * * * * * *
Based upon the foregoing, it is CONCLUDED as a matter of law that:
1. Daniel S. Walden's 25% contingency fee contract with plaintiff was reasonable and fair.
2. Daniel S. Walden had fully (or substantially) and fairly performed the duties of his contract with plaintiff at the time of discharge and is entitled to be paid pursuant to the terms of his contingency fee contract.
3. Even if Daniel S. Walden were to be paid on the quantum merit principle, a reasonable attorney's fee for his services would be $40,400.00 which exceeds the $22,500.00 in dispute plus any amount previously paid to plaintiff's counsel.
4. Daniel S. Walden is entitled to payment of the full $22,500.00 currently held by Liberty Mutual at the direction of the Industrial Commission in the Order Approving Compromise Settlement Agreement dated July 29, 1994.
IT IS THEREFORE ORDERED that Liberty Mutual shall immediately pay to Daniel S. Walden the sum of $22,500.00 as his reasonable attorney's fee for services provided as attorney for plaintiff. This sum is the amount withheld as ordered by the Industrial Commission in the Order Approving Compromise Settlement Agreement.
IT IS FURTHER ORDERED that interest at the legal rate of eight percent (8%) accruing on said $22,500.00, the unpaid portion of the Award, held by Liberty Mutual since entry of the Order Approving Compromise Settlement Agreement on July 29, 1994 shall be paid to plaintiff pursuant to N.C. Gen. Stat. § 97-86.2.
No costs are assessed.
 S/ _____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________ THOMAS J. BOLCH COMMISSIONER
S/ _____________ J. RANDOLPH WARD COMMISSIONER
BSB:md